**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MOHAMMED ZUBER,

                      Plaintiff,

v.                                         CIVIL  ACTION  NO.  3:12-0942

VANDALIA RESEARCH, INC. and
DEREK GREGG,

                      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Vandalia Research, Inc. and Derek Gregg's Motion to Dismiss this Proceeding and Compel Arbitration or, in the Alternative, to Stay this Proceeding Pending Arbitration. (ECF No. 7).   For the Following reasons, the Court **DENIES** the motion.

On April 2, 2012, Plaintiff Mohammed Zuber filed his Complaint in this Court based upon diversity of jurisdiction.   In his Complaint, Plaintiff asserts he was hired by Vandalia Research, Inc. (VRI) in October of 2010, to serve as the Principal Scientist at the company. Plaintiff states he was supervised by Defendant Gregg, who is the Chief Executive Officer of the VRI.   During the summer of 2011, Plaintiff asserts a subordinate harassed him because of his race, color, age, and national origin.   Plaintiff states he complained to Defendant Gregg on three occasions about the subordinate's actions, but Defendant Gregg failed to conduct any investigation or take corrective action.   The day following his third complaint, Plaintiff contends he was abruptly terminated for alleged performance issues.   However, Plaintiff contends that his

termination was pretextual and in violation of the West Virginia Human Rights Act.  He also asserts a claim for unlawful retaliation.

Defendants now have filed a motion to compel arbitration and either dismiss or stay this case in the interim.   In support of their motion, Defendants state that Plaintiff executed three contractual agreements with VRI when he began his employment.   Their agreements consist of (1) an "Employment Agreement" (ECF No. 7-1), (2) "a Non-Competition, Non-Solicitation, Confidentiality and Assignment Agreement" (hereinafter referred to as the Non-Compete Agreement) (ECF No. 7-2), and (3) "Developments and Non-Disclosure Agreement" (ECF No. 7-3).   Defendants insist that the arbitration provision contained in the Non-Compete Agreement is a valid and enforceable agreement and, in light of a supersession clause also contained in the Non-Compete Agreement, the arbitration provision should be read to apply to Plaintiff's Employment Agreement.   Plaintiff disagrees and argues that the arbitration provision is irrelevant to the claims he is making in this case as his claims do not arise under, or relate to, the Non-Compete Agreement.

At the heart of the parties' dispute is whether they agreed to arbitrate the claims made by Plaintiff in this case.   "[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2856 (2010) (emphasis original; citations omitted).   In order to determine whether or not "such agreement exists, the court must resolve any issue that calls into question the . . . applicability of the specific arbitration clause that a party seeks to have the court

enforce." *Id.*[1]   "Arbitration is strictly 'a matter of consent,' and thus 'is a way to resolve those

disputes—*but only those disputes*—that the parties have agreed to submit to arbitration[.]'" *Id.* at

2857 (emphasis original; citations omitted).   Although there is a presumption in favor of

arbitration, this presumption does not "override[] the principle that a court may submit to

arbitration 'only those disputes . . . that the parties have agreed to submit.'" *Id.* at 2859 (citations

omitted).

The arbitration provision in the Non-Compete Agreement provides, in relevant

part:  "**Arbitration.**   Any and all disputes or controversies whether of law or fact of any nature

whatsoever *arising from or respecting this Agreement* shall be decided by arbitration . . . ."

*Non-Compete Agreement*, at ¶12 (emphasis added).   The subject matters encompassed in the

Non-Compete Agreement include disclosures and assignments of inventions, confidentiality,

non-competition provisions, and assignment of the agreement.   Although the claims Plaintiff

brought in this action are not based on any of these recitals, Defendants assert the supersession

clause contained in the Non-Compete Agreement makes the arbitration provision applicable and

supplemental to his Employment Agreement.   The supersession clause provides:

> **Supersession.**   To the extent any provisions of this
> Agreement are in conflict with a provision of my
> Employment Agreement, or other agreement
> between Company and me, such provisions as stated
> herein shall supersede and replace such other
> provision.   To the extent any provision of this
> Agreement relates generally to a like subject of a

---

[1]The parties do not argue that the question before the Court is delegated to the arbitrator to decide. *See, e.g., Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010) (recognizing that parties can enter into delegation provisions, in which they "agree to arbitrate 'gateway' questions of 'arbitrability'").

> provision, or provisions, in my Employment
> Contract, or other agreement between Company and
> me (but not in conflict therewith), then such
> provisions shall be supplemental each to the other.

*Id*. at ¶ 13.   Defendants argue that because the Non-Compete Agreement and the Employment Agreement both contain provisions regarding termination, the Non-Compete Agreement "relates generally to a like subject of a provision, or provisions, in . . . [the] Employment Contract" and, therefore, the arbitration provision in the Non-Compete Agreement should be integrated into the Employment Agreement.   Upon review, the Court disagrees that the supersession clause applies in this case.

In comparing the Non-Compete and Employment Agreements, the Court agrees that they both mention terminations.   In the Non-Compete Agreement, paragraph 2 provides:

> **Character of Employment.**   My employment shall
> be pursuant and subject to the rules and regulations
> of the Company.   The Company reserves the right
> to terminate my employment at any time in the event
> of default or nonperformance by me *of any of the
> provisions of this Agreement* subject to the terms of
> any employment agreement between the Company
> and me.

*Id*. at ¶2 (emphasis added).   This paragraph makes it clear, however, that it covers those terminations in which the employee defaults or does not perform in accordance with "any of the provisions of this [Non-Compete] Agreement subject to the terms of any employment agreement between the Company and me." *Id*.   In other words, the default or nonperformance must relate to the subject matters covered by the Non-Compete Agreement, i.e., disclosures and assignments of inventions, confidentiality, non-competition, and assignment of the agreement.   If the termination

4

relates to such conduct, then the terms of the Employment Agreement and the supersession clause become relevant to the Employment Agreement.

The problem with Defendants' argument in this case is that Plaintiff's allegations do not relate to any of those provisions.   Thus, although both the Non-Compete Agreement and the Employment Agreement discuss terminations, the two agreements do not conflict or "relate generally" to one another with respect to claims under the West Virginia Human Rights Act or for unlawful termination based upon reporting harassing conduct of another employee.   These types of claims are simply not covered by the Non-Compete Agreement.

Defendants ask this Court to paint a very broad stroke and apply the supersession clause in the Non-Compete Agreement to the Employment Agreement whenever there is a termination, regardless of whether the termination involves a matter covered by the Non-Compete Agreement.   The Court finds, however, the scope of the "relates generally" provision does not go that far under the express language of the contracts.   The Court recognizes there are provisions in the Employment Agreement that specifically mention confidentiality and non-competition.   If either of those areas were raised in this case, then Defendants would have a compelling argument that the two Agreements "relate generally" to one another on those subject matters and arbitration should be enforced when such claims are brought.   Nevertheless, it is not the situation in this case.

In fact, the Employment Agreement has its own jurisdictional provision which does not require arbitration and specifically states:   "The parties agree that all courts included within

the state court system of the State of West Virginia shall have personal jurisdiction over it in all lawsuits relating to or arising out of this Agreement and hereby waives any defense they may have of lack of personal jurisdiction in any such lawsuits filed in these courts." *Employment Agreement*, at ¶22.   Although the arbitration clause in the Non-Compete Agreement may supersede the jurisdiction clause in the Employment Agreement when a cause of action "relates generally" to a termination under the provisions of Non-Compete Agreement, the Court finds the supersession clause does not apply when the termination is based upon grounds not contemplated by the Non-Compete Agreement.   Indeed, the arbitration provision itself provides that arbitration controls "[a]ny and all disputes or controversies whether of law or fact of any nature whatsoever *arising from or respecting this [Non-Compete] Agreement . . . ." Non-Compete Agreement*, at ¶12. Thus, the arbitration provision—which expressly applies to disputes and controversies arising under or respecting the Non-Compete Agreement—does not conflict with the jurisdictional provision contained in the Employment Agreement with respect to disputes and controversies *not* covered by the Non-Compete Agreement.   Therefore, the arbitration provision does not supersede or replace the jurisdictional provision when, as in this case, the action is not based upon a dispute or controversy arising under the Non-Compete Agreement.   The parties simply have not agreed to arbitrate claims which fall outside of the subject matters covered by the Non-Compete Agreement.[2]   Thus, the Court **DENIES** Defendants' motion to compel arbitration in this case.

---

[2]Defendants cite four cases in support of their supersession argument.   However, the Court finds those cases are factually distinct from the present case. *See Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 350-51 (4th Cir. 2001) (finding the lawsuit "related to" a Distributor Agreement which contained an arbitration clause); *Estate of Campana v. Comerica Bank & Trust, N.A.*, Civ. Action No. 1:10CV194, 2012 WL 13714, *3 (N.D. W. Va. Jan. 4, 2012) (holding the plaintiff's dispute fell within the broad language of the arbitration clauses); *Jefferson Pilot Life Ins. Co. v. Griffin*, No. 1:07CV0096, 2008 WL 2485598, *6 (M.D. N.C. June 16, 2008)

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        October 16, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

(finding the arbitration clause encompassed the employment related claims); and *American Graphics Inst., Inc. v. Darling*, No. Civ. A. 03-374, 2003 WL 21652246, *8 (E.D. Pa. May 22, 2003) (determining, where there was nothing incompatible with arbitration in an Employment Agreement, the arbitration clause in the Purchase Agreement should be given effect as it was part of the parties' entire agreement).